**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 21-cv-02530-NYW

JOSEPH LOUIS DURAN,

    Plaintiff,

v.

YOUNG CHAN SHIN,
JAKE ADKINS,
RONDA HAHN,
CHANTEL ELIZABETH CONTIGUGLIA, and
MARIAH CHERRILE MARKUS,

    Defendants.

---

# ORDER

---

This matter is before the Court on pro se Plaintiff Joseph L. Duran's Motion to Reinstate Civil Rights Complaint, filed on September 1, 2023 (the "Motion"), [Doc. 13].

The Court dismissed this action without prejudice for failure to prosecute or timely serve Defendants on July 13, 2023, and entered Final Judgment the same day. [Docs. 10, 11]. Because Plaintiff's request for a reinstatement of his Complaint comes more than 28 days after judgment was entered in this case, the Court will construe the Motion as one for relief from a judgment or order made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See Madison v. Avery*, No. 19-cv-02779-WJM-MEH, 2023 WL 4562545, at *1 (D. Colo. July 17, 2023) (construing a motion to reopen a closed case as a Rule 60(b) motion); *Mitchell v. Estrada*, No. 03-cv-00387-PAB-MJW, 2013 WL 4502268, at *1 (D. Colo. Aug. 23, 2013) (same).

As pertinent here, Rule 60(b) allows a court, within its discretion, to reopen a case on the

grounds of "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6); *see also Madison*, 2023 WL 4562545, at *1 (citing *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984)) (explaining that Rule 60(b) motions are "addressed to the sound discretion of the trial court"). Importantly, however, such relief is "extraordinary and may only be granted in exceptional circumstances." *See Mitchell*, 2013 WL 4502268, at *1 (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

In his Motion, Plaintiff asks this Court to reopen this case because he "was illegally incarcerated in the Arapahoe County Jail for March 23, 2023 through July 10, 2023" during which time he claims to have "ha[d] no mail delivered." [Doc. 13 at 2, 5]. In support of this statement, Mr. Duran attached a document entitled "Arapahoe County Detention Facility Inmate Property Inventory," which appears to reflect an inventory of his property at the time of incarceration on or about March 23, 2023. [*Id.* at 8]. The Court further notes that the return address for the document is located in Alabama, not Colorado, and within the document itself, Mr. Duran has not included any updated address information. [*Id.* at 9]. Mr. Duran does not explain how he received notice of the Court's dismissal of his action, which was sent to the address on the docket and was not returned, or why he did not object to the Recommendation that was not returned as undeliverable.

Further, Mr. Duran does not explain why he took no action to prosecute this case between its filing date on September 17, 2021, [Doc. 1], and December 1, 2022, when he filed a Certificate of Service,[1] [Doc. 5]. Neither his current Motion nor the Court's docket includes any proof of service upon the named Defendants within the time period allotted by Rule 4(m) of the Federal Rules of Civil Procedure. *See generally* [Doc. 13]. Nor did he, at any time, attempt to update his

---

[1] This document purports only to serve unrelated motions from an Arapahoe County Court proceeding on one Defendant. *See* [Doc. 7 at 1].

2

contact information, including but not limited to his mailing address, within five days after the change as required by D.C.COLO.LCivR 5.1(c). Crucially, Plaintiff did not provide the Court with an updated address during the four-month period when he was allegedly incarcerated in the Arapahoe County Jail, resulting in mail being returned as undeliverable during that time. *See* [Doc. 9 (Mail Returned as Undeliverable re: Order to Show Cause, [Doc. 6], filed on June 14, 2023)]. Even as a pro se litigant, Plaintiff is bound by the same procedural rules and substantive law as a represented party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008) (observing that a party's pro se status does not relieve him of the obligation to comply with procedural rules); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012) (same). And based on this Court's review of the Complaint in this action, it is not clear that Mr. Duran states a cognizable civil rights violation. *See* [Doc. 1].

Nevertheless, upon due consideration and affording Plaintiff the benefit of the doubt that he did not receive the various Court orders between March 23, 2023, and July 10, 2023, the Court finds that Plaintiff has demonstrated good cause under Rule 60(b)(1) or (6).[2] In doing so, the Court does not rely upon Plaintiff's unsupported allegation that "Arapahoe Public Defender Young Chan Shin illegally directed" the Court "through deceit and deliberate indifference . . . to dismiss this case on July 23, 2023." *See* [Doc. 13 at 2]. Indeed, the Court's dismissal of this case without prejudice on July 13, 2023, was based entirely on its independent determination that Plaintiff failed to prosecute his case or timely serve Defendants. *See* [Doc. 10]. Instead, this Court concludes

---

[2] To the extent Plaintiff suggests that this Court's dismissal of the action on its own initiative was improper, *see* [Doc. 13 at 2 ("Plaintiff did not vacate this Complaint.")], the Court notes that Rule 41(b) of the Federal Rules of Civil Procedure "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with procedural rules or court orders," [Doc. 7 at 2 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962))], as was the case here.

that there is sufficient good cause to permit Plaintiff to explain why he initiated this action nearly two years ago, but no action is reflected on the docket in the interim.

Accordingly, the Court respectfully **GRANTS** Plaintiff's Motion to Reinstate Civil Rights Complaint, [Doc. 13], **but for the limited purpose of reinstating the Order to Show Cause first issued by Judge Crews**, [Doc. 6]. Plaintiff is hereby **ORDERED to SHOW CAUSE** no later than **October 27, 2023** as to why his case should not be dismissed for failure to prosecute and failure to timely serve Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[3] The Court **ADVISES Plaintiff that this case may be dismissed if he cannot make the requisite showing or fails to comply with the Court's rules and orders, including but not limited to apprising the Court of his new contact information**.

## CONCLUSION

For the reasons stated above, it is **ORDERED** that:

(1) Plaintiff's Motion to Reinstate Civil Rights Complaint, [Doc. 13], is **GRANTED**;

(2) The Clerk of Court is DIRECTED to reopen this case;

(3) No later than **October 27, 2023**, Plaintiff shall **SHOW CAUSE as to why this case should not be dismissed for failure to prosecute and failure to serve Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure**;

(4) Plaintiff shall **FILE** a Notice of his current contact information no later than **October 10, 2023**;

(5) Plaintiff is specifically **ADVISED** that failure to comply with this Order may lead to dismissal of this action without any further notice; and

---

[3] Plaintiff is encouraged to contact the Colorado Federal Pro Se Clinic, which provides assistance to unrepresented litigations in the United States District Court for the District of Colorado. *See* https://www.cobar.org/fpsc.

(6) A copy of this Order shall be mailed to:

    Joseph Louis Duran
    845 East 18th Avenue
    Denver, CO 80218;

and

    Joseph Louis Duran
    c/o Buchanan
    57 Wiggins Lane
    Phenix City, AL 36869[4]

DATED: September 27, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[4] Plaintiff is ADVISED that the Court is providing this Order to this address as a matter of courtesy and has no obligation to send Court documents to Plaintiff at any address other than his address on the docket.